Filed 10/27/25  P. v. Fields CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

STEFFEN LUTHER FIELDS, JR.,

    Defendant and Appellant.

E083232

(Super.Ct.No. RIF1602427)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Reversed and remanded.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Steffen Luther Fields, Jr., appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1] The appeal returns to us on transfer from the Supreme Court to reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*). *Rhodius* resolved a split of authority among the Courts of Appeal regarding resentencing eligibility when a defendant's sentence for a prior prison enhancement (see former § 667.5, subd. (b)) was stayed and never executed. *Rhodius* held that defendants whose enhanced prison prior term or terms were stayed at sentencing are eligible for resentencing under section 1172.75. Pursuant to *Rhodius*, we therefore reverse the trial court's order denying defendant a resentencing hearing, and remand for the court to hold that hearing. On remand, the trial court also must ensure that defendant's new abstract of judgment following resentencing reflects previously omitted presentence custody credits, as the People concede is necessary.

## BACKGROUND

In February 2017 a jury convicted defendant of two counts of second degree robbery. In bifurcated proceedings, the trial court found defendant had two prison prior convictions (§ 667.5, subd. (b)), three prior serious felony convictions (§ 667, subd. (a)), and multiple prior strike convictions (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). In March 2017 the court sentenced defendant to 25 years to life in state prison,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

consecutive to a determinate 15-year term. Relevant here, the court imposed but stayed execution of one-year penalty enhancements for each of defendant's two prison priors.

In December 2023 the trial court considered defendant's eligibility for recall of his sentence and resentencing under section 1172.75. The court found he was ineligible. On appeal, this court affirmed the trial court's ruling. (*People v. Fields* (May 21, 2025, E083232) [nonpub. opn.].) We subsequently vacated that decision following *Rhodius*, and the People filed a supplemental brief conceding that defendant is entitled to resentencing under section 1172.75.

## DISCUSSION

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of the California Department of Corrections and Rehabilitation and county jail administrators to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of

3

the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

*Rhodius* held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included two stayed prior-prison-term enhancements that were imposed before 2020. None were for sexually violent offenses. Under *Rhodius*, the stay the original sentencing court entered on those enhancements does not preclude defendant from resentencing under section 1172.75. We will therefore reverse and remand the matter for the trial court to resentence defendant.

As defendant also argues, the People concede, and we agree, defendant's new abstract of judgment upon resentencing must reflect the trial court's oral pronouncement of presentence custody credits. The court at defendant's original sentencing calculated 342 days of presentence custody credits, comprised of 298 days credit for actual custody and, under section 2933.1, 44 days of conduct credits, but omitted them from the abstract of judgment. The court may calculate them anew or otherwise confirm the correct credits.

**DISPOSITION**

The trial court's order denying defendant resentencing under section 1172.75 is reversed. The matter is remanded for the court to recall defendant's sentence, hold a resentencing hearing pursuant to section 1172.75, subdivision (d), and resentence

4

defendant consistent with the statute.  In resentencing defendant, the trial court must ensure the new abstract of judgment reflects defendant's presentence custody credits, either calculated anew or by confirming the accuracy of previously omitted credits.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                        J.


We concur:


RAMIREZ _____
                              P. J.


MENETREZ _____
                              J.